UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BERNICE C. ATCHISON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   14-2045 (RC) |
| | : | |
| v. | : | Re Document No.:   34 |
| | : | |
| U.S. DISTRICT COURTS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM OPINION

DENYING PLAINTIFF'S MOTION TO COMPEL,
CONSTRUED, IN PART, AS A MOTION FOR RECONSIDERATION

I.  INTRODUCTION

In a series of lawsuits culminating in *In re Black Farmers Discrimination Litigation* (also referred to as *Pigford II*), thousands of African-American farmers alleged racial discrimination by the United States Department of Agriculture ("USDA") in the application of its credit and benefits programs. 856 F. Supp. 2d 1, 7–8 (D.D.C. 2011). Following lengthy litigation and congressional intervention, the parties reached a settlement that created an administrative claims process for African-American farmers seeking compensation for past discrimination by the USDA. *Id.* at 22–23. Requests brought under that administrative process are known as *Pigford II* claims. *Id.* at 13–14.

Plaintiff Bernice C. Atchison, proceeding *pro se*, brought this action seeking damages from various Defendants associated with that litigation and her *Pigford II* claim. *See generally* Compl., ECF No. 1. On May 27, 2016, this Court dismissed Ms. Atchison's Complaint for a number of reasons. *See generally Atchison v. U.S. Dist. Courts*, 190 F. Supp. 3d 78 (D.D.C. 2016), ECF No. 32. Among other things, the Court found that "determinations pursuant to the

claims process 'are final and are not reviewable by . . . the Court, or any other body, judicial or otherwise.'" *Id.* at 94 (alteration in original) (quoting *In re Black Farmers Discrimination Litig.*, 29 F. Supp. 3d 1, 2 (D.D.C. 2014)).

After the Court dismissed her Complaint, Ms. Atchison filed a motion to compel the Chief Judge of this District[1] to order the USDA and Secretary Tom Vilsack to conduct an administrative hearing on Ms. Atchison's *Pigford II* claim. *See* Pl.'s Mot. Compel at 1, ECF No. 34. Ms. Atchison also sent a separate letter to the Court asking for an administrative hearing and arguing that a denial of her request would be contrary to federal law, the Federal Rules of Civil Procedure, and the United States Constitution.[2] *See* Pl.'s Letter at 1, ECF. No. 33. Parts of Ms. Atchison's motion request relief previously considered and rejected by the Court, and the Court will construe those arguments as a motion for reconsideration. For the reasons explained below, the Court will deny Ms. Atchison's motion.

## II. FACTUAL BACKGROUND

This Court previously summarized the history of the litigation African-American farmers brought against USDA. *See Atchison*, 190 F. Supp. 3d at 84–85. To clarify the issues raised in Ms. Atchison's currently pending motion, the Court will briefly restate the historical context of

---

[1] Ms. Atchison's motion is styled, in part, as a "Motion to Compel the *Chief Judge* to Order the Secretary and the Agency to Conduct Formal Hearing on the Merit Before the Administrative Law Judge." *See* Pl.'s Mot. Compel at 1 (emphasis added). The motion makes no further reference to the Chief Judge, and the Court understands Ms. Atchison's reference to the Chief Judge to mean the Chief Judge of this District.

[2] Construing Ms. Atchison's motion liberally, the Court will also consider arguments raised in her separate letter to the Court. *See Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

the extended litigation between African-American farmers and USDA. Next, the Court will turn to the procedural history of this case and the arguments raised in Ms. Atchison's motion.

### A. Historical Background

On April 14, 1999, a court in this District approved a consent decree that settled a class-action lawsuit brought by African-American farmers alleging racial discrimination by USDA in the application of its credit and benefits programs. *See generally Pigford v. Glickman (Pigford I)*, 185 F.R.D. 82 (D.D.C. 1999), *aff'd*, 206 F.3d 1212 (D.C. Cir. 2000). The *Pigford I* consent decree created a "dispute resolution mechanism" that allowed class members to file administrative claims seeking compensation for past discrimination by USDA. *Id.* at 95. *Pigford I* set a time limit for farmers to file their claims, but many farmers attempted to file after the deadline had passed. *In re Black Farmers Discrimination Litig.*, 856 F. Supp. 2d 1, 11 (D.D.C. 2011).

Congress provided a remedy to farmers with time-barred claims through a provision of the Food, Conservation, and Energy Act of 2008, also known as the 2008 Farm Bill. *Id.* That provision states: "[a]ny Pigford claimant who has not previously obtained a determination on the merits of a Pigford claim may, in a civil action brought in the United States District Court for the District of Columbia, obtain that determination." *Id.* (quoting Pub. L. 110-234, § 14012(b), 122 Stat. 923, 1448 (2008)). Through twenty-three complaints filed in this District, roughly 40,000 individuals brought suit under that provision, and those cases became known as *Pigford II* actions. *See id.* at 13. Recognizing the case management challenges posed by the *Pigford II* cases, the court consolidated all twenty-three actions into one miscellaneous case, *In re Black Farmers Discrimination Litigation*, No. 08-mc-0511 (PLF). *See id.*

The *Pigford II* parties negotiated a settlement (the "Settlement Agreement") that was ultimately approved by the court on October 27, 2011 following a fairness hearing and the

3

consideration of extensive written submissions by interested parties. *See id.* at 6–7. The *Pigford II* Settlement Agreement created a two-track system for resolving claims, whereby a claimant could choose either Track A or Track B. *Id.* at 22. Under Track A, any potential monetary award was limited to $50,000, but the claimant faced the relatively low burden of proving her claim by "substantial evidence," while under Track B, a claimant could receive a maximum of $250,000, but she was required to prove her claim by the higher standard of the preponderance of the evidence. *Id.* at 22–23.

Both Track A and Track B claims were evaluated by neutral third parties, the "Track A Neutral" or the "Track B Neutral," and those determinations were "final and not subject to appeal." *Id.* at 23. The court explicitly considered a mechanism for appealing adverse decisions and found that "[g]iven the costs and benefits of an appeal process . . . the decision . . . not to offer such a process under the settlement agreement does not make the agreement or the process it established unfair or unreasonable." *Id.* at 36. The D.C. Circuit dismissed consolidated appeals challenging the court's approval of the settlement. *See Latham v. Vilsack*, Nos. 11-5326, 11-5334, 12-5019, 2012 WL 10236550, at *1 (D.C. Cir. July 25, 2012) (per curiam).

### B. Procedural History

Ms. Atchison brought this action seeking damages from the United States District Court for the District of Columbia, the *Pigford II* Ombudsman and Facilitator, class counsel, and other attorneys associated with the litigation. *See generally* Compl. Numerous Defendants filed motions to dismiss the Complaint, which the Court granted on May 27, 2016. *See generally Atchison v. U.S. Dist. Courts*, 190 F. Supp. 3d 78 (D.D.C. 2016). The Complaint was dismissed for a number of reasons, including the Court's lack of subject matter jurisdiction over Defendant United States District Court and Ms. Atchison's failure to state a claim upon which relief could be granted. *Id.* at 84, 88–89. Among other things, the Court found that "determinations pursuant

4

to the claims process 'are final and are not reviewable by . . . the Court, or any other body, judicial or otherwise." *Id.* at 94 (alteration in original) (quoting *In re Black Farmers Discrimination Litig.*, 29 F. Supp. 3d 1, 2 (D.D.C. 2014)).

### C. Plaintiff's Pending Motion to Compel

Despite the Court's dismissal of the Complaint, Ms. Atchison filed the pending motion to compel on July 28, 2016. *See* Pl.'s Mot. Compel at 1. The Court notes that a document filed by a party proceeding "*pro se* is 'to be liberally construed.'" *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Although Ms. Atchison is not an attorney, it is clear that her motion seeks an administrative hearing before USDA on her *Pigford II* claim. *See* Pl.'s Mot. Compel at 1; Pl.'s Letter at 1.

Ms. Atchison argues that USDA failed to provide her with a hearing on her *Pigford II* claim and that USDA's failure to do so violated the Equal Opportunity Act,[3] Article I § 8 of the United States Constitution, and the Federal Rules of Civil Procedure. *See* Pl.'s Letter at 1. Ms. Atchison further contends that USDA's refusal to hold a hearing constitutes a failure to comply with the terms of the *Pigford II* Settlement Agreement. *See id.* Parts of Ms. Atchison's current motion request relief that the Court considered and rejected in its previous ruling. *See, e.g.*, *Atchison v. U.S. Dist. Courts*, 190 F. Supp. 3d 78, 95 (D.D.C. 2016) (finding that Ms. Atchison's "request for review of her Track B claim determination does not state a claim upon which relief can be granted"). The Court construes those parts of Ms. Atchison's filings as a motion for reconsideration.

---

[3] Presumably referring to Equal Opportunity Employment Act, 42 U.S.C. § 2000e.

Defendant United States District Court opposes Ms. Atchison's motion.[4] *See* Opp'n Pl.'s Mot. Compel ("Opp'n") at 2, ECF No. 36.  Defendant argues that this Court does not have the authority to compel the Chief Judge to act, that this Court does not have personal jurisdiction over USDA or Secretary Vilsack, and that Ms. Atchison's attempt to challenge the denial of her administrative claim has already been considered and rejected and is therefore barred by the doctrine of res judicata.  *See id.*

### III.  ANALYSIS

For the reasons explained below, the Court will deny Ms. Atchison's motion.  First, the Court finds that USDA and Secretary Vilsack are not parties to this lawsuit and have not been served with process.  Therefore, the Court lacks personal jurisdiction over USDA and Secretary Vilsack and cannot order either to conduct an administrative hearing.  Next, the Court finds that Ms. Atchison's challenges to the adjudication of her *Pigford II* claim have been considered and rejected.  Ms. Atchison must show that the Court should reconsider its previous decision, but the limited argument and lack of new evidence put forward fail to carry that burden.  For these reasons, Ms. Atchison's motion is denied and the Court reaffirms its previous ruling.

**A.  This Court Lacks Personal Jurisdiction over USDA and Secretary Vilsack**

Ms. Atchison asks the Court to order USDA and Secretary Vilsack to conduct an administrative hearing on Ms. Atchison's claim.  *See* Pl.'s Mot. Compel at 1; *see also* Pl.'s Letter at 1.  The caption of Ms. Atchison's motion names USDA and Secretary Vilsack as Defendants for the first time.  *See* Pl.'s Mot. Compel at 1.  In response, Defendant argues that USDA and

---

[4] The Court notes that only Defendant United States District Court filed an opposition to Ms. Atchison's motion.  For clarity, this Court will refer to Defendant United States District Court as "Defendant" throughout.

Secretary Vilsack are non-parties to this suit and therefore the Court lacks personal jurisdiction to issue the order Ms. Atchison seeks. *See* Opp'n at 4–5. The Court finds that it lacks personal jurisdiction over USDA and Secretary Vilsack.

"It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Hansberry v. Lee*, 311 U.S. 32, 40–41 (1940). The D.C. Circuit has made clear that a district court "lack[s] the power to assert personal jurisdiction over a defendant 'unless the procedural requirements of effective service of process are satisfied.'" *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (quoting *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 514 (D.C. Cir. 2002)).

In this case, Ms. Atchison moves for an order requiring USDA and Secretary Vilsack to conduct a hearing. *See* Pl.'s Mot. Compel at 1; Pl.'s Letter at 1. It is undisputed that Ms. Atchison has not attempted to serve process on either USDA or Secretary Vilsack. The record is clear, in fact, that no summons has been issued for either party. Because USDA and Secretary Vilsack have not been served with process, the Court lacks personal jurisdiction over them. *See Mann*, 681 F.3d at 372. Therefore, the Court cannot order USDA or Secretary Vilsack to conduct the hearing requested by Ms. Atchison.[5]

### B. Ms. Atchison Has Not Shown that the Court Should Reconsider the May 27, 2016 Memorandum Opinion and Order

Ms. Atchison's motion is styled as a "Motion to Compel the Chief Judge to Order" an administrative hearing before USDA.[6] *See* Pl.'s Mot. Compel at 1. Although Ms. Atchison's

---

[5] For the reasons explained below, the Court would not order an administrative hearing even if it had personal jurisdiction over USDA or Secretary Vilsack. *See infra* Part III.B.

[6] The Court notes that Ms. Atchison makes no further reference to the Chief Judge. Nevertheless, in an effort to construe Ms. Atchison's motion liberally, the Court considers all

7

motion is somewhat unclear, she appears to propose a hearing before a USDA administrative law judge for the purpose of re-opening the denial of her *Pigford II* Track B claim.  *See* Pl.'s Mot. Compel at 1 (requesting hearing); Pl.'s Letter at 1 ("In this case the petitioner has yet to have a hearing on the record.  The agency has not complied with the Pigford consent Decree."). Defendant counters that Ms. Atchison's request is barred by res judicata because this Court has already held that the denial of Ms. Atchison's *Pigford II* claim is final and unreviewable.  *See* Opp'n at 2.

The Court does not rely on the doctrine of res judicata.  Instead, the Court believes Ms. Atchison's argument on this point is better understood through the framework of a motion for reconsideration.  As the Court explained in its May 27, 2016 opinion, "Ms. Atchison seeks review of her Track B determination, which forms the primary basis for her Complaint." *Atchison v. U.S. Dist. Courts*, 190 F. Supp. 3d 78, 94 (D.D.C. 2016).  After considering multiple Defendants' motions to dismiss, this Court held that "Track B determinations are not subject to review" and that the "approval of the Settlement Agreement at issue is a final judgment for res judicata purposes."  *Id.* at 94–95.  Liberally construed, Ms. Atchison's current motion is best understood as a request for the Court to reconsider that decision and re-open Ms. Atchison's

---

potential arguments.  *See Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Defendant argues that this Court has no authority to compel another district court to act, *see* Opp'n at 4, and this Court agrees.  Each district court's jurisdiction is based on the same statutory sources.  *See* 28 U.S.C. §§ 1331, 1332; *see also Ortiz v. Pratter*, No. 15-cv-0481, 2015 WL 1546252, at *1 (D.D.C. Apr. 3, 2015) ("The Eastern District of Pennsylvania and this Court have the same jurisdiction . . . .").  It is a well-established principle that a district court can neither review the decisions of its sister court nor compel it to act.  *See*, *e.g.*, *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[ ] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts"); *see also Fleming v. United States*, No. 94-5079, 1994 WL 474995, at *1 (D.C. Cir. July 27, 1994) (per curiam) ("The district court also correctly concluded that it lacked jurisdiction to review decisions of the United States Court of Appeals for the Fourth Circuit.").  Therefore, the motion is denied to the extent Ms. Atchison's motion calls for this Court to compel the Chief Judge to act.

*Pigford II* claim. *See Univ. of Colo. Health at Mem'l Hosp. v. Burwell*, 164 F. Supp. 3d 56, 61 (D.D.C. 2016) (construing a motion for clarification as a motion for reconsideration).

Federal Rule of Civil Procedure 60(b) permits the Court to "relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."[7]  Fed. R. Civ. P. 60(b).

The D.C. Circuit has explained that "relief under Rule 60(b)(6) is appropriate only in 'extraordinary circumstances.'" *Cohen v. Bd. of Trs. of the Univ. of D.C.*, 819 F.3d 476, 485 (D.C. Cir. 2016) (quoting *Kramer v. Gates*, 481 F.3d 788, 790 (D.C. Cir. 2007)). The party seeking relief under Rule 60(b) bears the burden of proving that she is entitled to the relief. *See Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011). "[T]he decision to grant or deny a rule 60(b) motion is committed to the discretion of the District Court." *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993). In exercising this discretion, the Court "must balance the interest in justice with the interest in protecting the finality of judgments." *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004). Crucially, Rule

---

[7] Rule 60(b) "applies only to *final judgments or orders*, while Rule 54(b) applies to *interlocutory orders* that adjudicate fewer than all the claims in a given case." *Lewis v. United States*, 290 F. Supp. 2d 1, 3 (D.D.C. 2003) (emphasis added); *compare* Fed. R. Civ. P. 60(b) (providing relief from "a final judgment, order, or proceeding"), *with* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). The Court's previous decision dismissed Ms. Atchison's Complaint completely. *See Atchison*, 190 F. Supp. 3d at 100. Therefore, Rule 60(b) governs the pending motion.

60(b) does not afford a party "an opportunity to retry her case." *Greer v. Paulson,* 505 F.3d 1306, 1317 (D.C. Cir. 2007).

Ms. Atchison fails to carry her burden under Rule 60(b). The only new argument presented by Ms. Atchison relies on several portions of 7 C.F.R. § 15f. *See* Pl.'s Mot. at 2 (quoting 7 C.F.R. §§ 15f.14–15). Those regulations "provide the rights of complainants and the procedures for the processing of certain nonemployment related complaints alleging discrimination by USDA that were filed with USDA prior to July 1, 1997, as authorized under section 741(b) of the Agriculture, Rural Development, Food and Drug Administration, and Related Agencies Appropriations Act, 1999." 7 C.F.R. § 15f.1. Those regulations are not, however, relevant to this case. When the court approved the *Pigford II* Settlement Agreement, it made clear that class members would not be able to file complaints in court under Section 741. *See In re Black Farmers Discrimination Litig.*, 856 F. Supp. 2d 1, 31–32 (D.D.C. 2011) ("*[N]o Pigford* claimant who did not opt out of the class by August 30, 1999, could pursue his or her *Pigford* claim in court, whether under Section 741 or otherwise."). The quoted regulations, which describe procedures for claims authorized by Section 741, are not relevant to Ms. Atchison because she did not opt out of the *Pigford* class.

Ms. Atchison has presented no new evidence, nor has she argued that the Court's previous ruling was the result of mistake or inadvertence. *See* Fed. R. Civ. P. 60(b)(1)–(2). Ms. Atchison has not provided any other basis for relief on reconsideration. In conclusion, Ms. Atchison's motion and accompanying letter are essentially an attempt to "retry" the arguments she has previously raised. *Greer*, 505 F.3d at 1317.

This Court has previously determined that "Track B determinations are not subject to review" and that this Court has no authority to disturb another court's judgment that the

Settlement Agreement is final and binding. *Atchison*, 190 F. Supp. 3d at 94. Ms. Atchison has not carried her burden to show that "extraordinary circumstances" require the Court to reconsider its decision. *See Kramer*, 481 F.3d at 790. Accordingly, the Court reaffirms its May 27, 2016 ruling dismissing Ms. Atchison's Complaint and denies Ms. Atchison's motion.[8]

## IV.  CONCLUSION

For the foregoing reasons, this Court **DENIES** Plaintiff's Motion to Compel (ECF No. 34). An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  February 24, 2017                                          RUDOLPH CONTRERAS
                                                                                         United States District Judge

---

[8] Finally, the Court turns to Ms. Atchison's request for a "complete copy of [the] running record of [her] files." Pl.'s Letter at 2; *see also* Pl.'s Mot. Compel at 1 (requesting a "copy of the running record"). Defendant does not address this issue in its opposition to Ms. Atchison's motion. The Court is not sure which files Ms. Atchison is referring to in her motion. The Court notes that all documents filed in this case are available on the Public Access to Court Electronic Records system, or PACER, which can be accessed at www.pacer.uscourts.gov. Registration for a PACER account is free, however document downloads are charged at $0.10 per page up to a maximum charge of $3.00 for any documents over 30 pages. No fees are charged for viewing case information or documents at the public access terminals found in Room 1725 of the E. Barrett Prettyman Courthouse, however fees are charged for printing documents at these terminals.